is the case of People of the State of Illinois v. Terry Madison. Council for Appellant has waived argument. And we have Council for the Aptly, we have Mr. Blankenheim and Mr. Glick. And Mr. Blankenheim, are you intending to argue? Yes. You may proceed then. Good morning, and may it please the Court. Assistant Attorney General Michael Blankenheim on behalf of the people. Good morning. The respondent in this case has not challenged the sufficiency of the evidence supporting the trial court's finding that he's a sexually violent person. And the respondent argued that the trial court abused its discretion by ordering that the commitment to this case take place in a secure treatment facility. As there's no argument for the respondent to respond to this morning, I would just like to touch on two of the issues presented on appeal. The first issue, the respondent's claim that the trial court disregarded his right to a probable cause statement. People's primary arguments are that that claim is forfeited for lack of a proper development that the respondent can long breathe. Also that it's refuted by the record and that the trial court's finding beyond a reasonable doubt that the respondent wasn't a sexually violent person means that any error in the probable cause statement is harmless. I'd like to emphasize that waivers of the probable cause hearing and SVP proceedings are permissible and are common. If under Illinois law, it's possible for an alleged SVP to waive his right to dispute the people's allegations or the people's evidence to waive his right to challenge that evidence to essentially admit that he is a sexually violent person. So if you can waive the greater right to have the people prove the allegation beyond a reasonable doubt, you should follow that. You can also waive your right to contest whether the people's petition in supporting evidence establishes a probable cause to believe that you're an SVP. Also, the record at page 310 of the trial transcripts, the trial court remarked that he was handling about 12 to 15 SVP cases at the same time as this case and only in one or two of those cases was there a contested probable cause hearing. Additionally, there are some practical reasons for allowing these types of waivers. The probable cause barrier exists for the respondent's protection. As the Illinois Supreme Court emphasized in Hardin, the purpose is to prevent insubstantial SVP petitions from going forward because we know from the SVP Act that once probable cause is found, the respondent is going to remain in custody until the SVP proceeding is concluded. So if the respondent is willing to concede that those allegations support probable cause, knowing that he's going to remain in custody and essentially admitting that the petition is substantial, there's no reason to disallow those types of waivers. The second issue I wanted to address was the jury demand issue. As we've shown in our brief, the respondent's jury demand was more than 1,400 days late after the 10-day time period for filing jury demand under the SVP Act. However, the state had filed the jury demand. That's correct. And that jury demand remained on file until, was it the day of trial, the state? Until the day before trial. The day before trial. Well, why wouldn't 2-1105 apply? The SVP Act says, and I don't remember the exact language, but paraphrasing, unless it's provided in this Act, the Code of Civil Procedure applies. Section 35C of the SVP Act contains its own rules for filing jury demands. It provides for the time within which it must be filed, but it doesn't provide, as the Code of Civil Procedure does, to what happens if one side files and not the other. Well, it says that it does provide that if you do not file the jury demand, that it would be waived. But we know from the SVP Act that the civil practice law is to be used as a gap filler only when the SVP Act does not otherwise provide the applicable rule. So you're saying because it does address part of that, that applying the Civil Practice Act would be barred. That's correct. And also, in a key difference between the two jury demand provisions, the civil practice law does provide, it does allow the defendant to file untimely demand once the plaintiff withdraws his own demand. But that must be done promptly. But given that that's not included in the SVP Act, and we know that the General Assembly has directed, is aware of the provisions of the civil practice law, the fact that that specific provision was not included from that report would conclude that that was a purposeful omission and that, yes, that the General Assembly did not intend to allow a respondent in this case to file a late demand simply because the people withdrew their demand. And that doesn't leave the respondent with no possibility of filing a late demand. He could attempt to show good cause for the late demand, but that wasn't done in the trial court or in the respondent's avalanche brief, so that argument hasn't been worked with. Well, let me just ask a question. I mean, is there anything in the SVP Act about good cause for a late demand? There's not, but turning again to that general gap filler provision about looking at the civil practice law when the SVP Act doesn't otherwise provide, the civil practice law and the Supreme Court rules allow the trial court to extend a deadline for doing a particular act upon good cause shown. Wouldn't we then be applying the Code of Civil Procedure to fill in the gap if late demand based on good cause were allowed? I think that would be permissible, but that's different than applying the specific provision, Section 3-1105 in the civil practice law. Okay, well, in this case, the state withdrew their jury demand the day before trial, and he was asserting he wanted a jury trial. In other words, up until the day before trial, he thought he was going to have a jury trial. Why wouldn't that be good cause? Because he made, the respondent made his jury demand seven months before the people withdrew their demand. So this is not a case where the respondent was caught by an unfair surprise and where the people at the last moment withdrew their demand. He knew as early as July of 2009 that the people wanted to withdraw their demand. Or excuse me, that's incorrect. That's when he withdrew his demand, and it wasn't until seven months later in March of 2010 when the people withdrew their demand. He made a demand seven months before trial. That's correct. Which the trial court deemed late because it was more than ten days. That's correct. But the state didn't withdraw their demand until the day before trial. That's correct. He never withdrew his demand that he made, his late demand. That's correct. And the Illinois Supreme Court has been clear in the case of Green v. City of Chicago, which we cite in our brief, that simply relying on the other party's demand is not good cause to allow the other party to file an untimely demand. If reliance alone were enough, then there really are no timeliness and that a demand can be filed at any time. And again, people believe that this Court does not need to reach that issue because the respondent has not attempted to show either in the trial court or in this court that a good cause exists for filing the untimely demand. If the Court does not have any questions on the other issues on the field. I have a question about the separate dispositional hearing. You know, as I understand it, if a person is found to be a sexually violent person, he can either be committed or the Court could put him back into the community under certain restrictions. Is that correct? That's correct. All right. If there's no separate dispositional hearing, what opportunity does the defendant have to present the evidence that he should be held in a less restrictive environment? The statute requires a dispositional hearing, but the trial court has discretion to continue that hearing or to go forward with that hearing immediately after the trial or to continue the case and receive supplemental material and conduct a dispositional hearing on a separate date. Okay, back to my question. If the court in a bench trial says, okay, I find you to be a sexually violent person, now I'm going to exercise my discretion. We'll move right into the dispositional hearing. What opportunity does he have to gather any evidence, to bring any witnesses in, to make any argument that he should be placed in a less restrictive environment? He has the opportunity right there to argue that the trial evidence supports a placement on conditional release or to draw to the court's attention that there are perhaps additional materials that he would like the judge to consider, and he has the opportunity to present an argument right there. In this case, the respondent did not exercise that opportunity, and he had declined to participate in all phases of the trial. He did not press examine state's witnesses. He did not present a defense. He did not give a pleasant argument. So the opportunity for the dispositional hearing is satisfied right there when the judge goes directly toward the dispositional phase of the case, and that's what happened in the two appellate court decisions we've cited, People v. Winterhalter and In Re Commendant of Tittlebach. In both of those cases, the appellate court's found that the trial court had not abused its discretion in going directly to the dispositional phase of the case and relying only on the trial evidence. And in this case, there was no abuse of discretion in proceeding that way as well. The respondent was a pro se litigant, and as I had mentioned earlier, had declined to participate in any phase of proceedings. And the trial court had before it an adequate basis to determine that a secure treatment was appropriate. The respondent had a demonstrated history of sexual violence. He was diagnosed with suffering from a mental disorder that predisposed him to commit future acts of sexual violence. And, in fact, Dr. Gaskill, the people's expert, testified that there was an 88 percent likelihood that he would re-append within six years. Additionally, Dr. Gaskill was finding that he was in need of sex offender treatment but hadn't participated in it meaningfully in the Department of Corrections. And again, to turn back to the first question about the untimely jury demand, I would refer the court to the Illinois Supreme Court's decision in Hernandez and in Green which hold that reliance on another party's jury demand does not satisfy good cause to file a late demand. In this case, there's been no unfair surprise given that the respondent requested the jury trial more than seven months before the people withdrew their claim. If the court doesn't have any further questions at this point, we'd ask that the trial court's judgment be affirmed. Thank you. Thank you, Mr. Blankenheim. Thank you for your arguments and briefs. We'll take the matter under advisement.